IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
**Richmond Division**

UNITED STATES OF AMERICA

v.                                                                    Criminal Action No. 3:07cr310

TORRY T. LEWIS,

        Petitioner.

## REPORT AND RECOMMENDATION

This matter comes before the Court for an evidentiary hearing and a Report and

Recommendation as to the Motion to Vacate, Set Aside, or Correct a Sentence filed pursuant to

28 U.S.C. § 2255 ("§ 2255 motion") by Torry T. Lewis, a federal prisoner.  In his § 2255

Motion, Lewis raised the following claims:

| | |
|---|---|
| Claim 1: | [Lewis] received constitutionally ineffective assistance because [his] attorney (a) operated under a conflict of interest, (b) failed to file an appeal after being instructed to do so, (c) misadvised [Lewis] of his potential sentence and induced his guilty plea, (d) failed to object to various sentencing factors, and (e) failed to file a motion to suppress the unconstitutional traffic stop. |
| Claim 2: | One of [Lewis's] predicate offenses for his career offender enhancement is invalid. |

(Nov. 3, 2011 Mem. Op. 2.)  By Memorandum Opinion and Order entered November 3, 2011,

the District Court denied and dismissed all of Lewis's claims, except Claim 1(b).  (Docket

Nos. 89, 90.)  The District Court referred this remaining claim to the undersigned Magistrate

Judge for an evidentiary hearing.

This Court ordered that counsel be appointed to Lewis and an evidentiary hearing scheduled as to the remaining issue raised in Lewis's § 2255 motion: whether trial counsel rendered ineffective assistance by failing to file an appeal after being specifically instructed to do so. (Docket Nos. 91, 93, 96.)

On January 10, 2012, the parties appeared before the Court for the scheduled evidentiary hearing, and Lewis made an oral motion to dismiss, seeking to voluntarily withdraw the remaining claim in his § 2255 Motion. The Government made no objection to Lewis's oral motion. The Court questioned Lewis and Lewis's counsel and finds that Lewis moves to dismiss the remaining claim in his § 2255 Motion after a full consideration of the applicable facts and law, after a thorough consultation with his counsel, without duress or undue influence, and with the understanding that such dismissal will be with prejudice.

For the foregoing reasons, the Magistrate Judge RECOMMENDS that the Court DISMISS WITH PREJUDICE Claim 1(b) and DENY Lewis's § 2255 Motion. *Cf.* Fed. R. Civ. P. 41(a)(2) ("Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper.").

Lewis is ADVISED that he may file specific written objections to the Report and Recommendation within fourteen (14) days of the date of entry hereof. Each objection should be labeled with the corresponding heading from the Report and Recommendation, should be numbered, and should identify with specificity the legal or factual deficiencies of the Magistrate Judge's findings. Failure to file specific objections in a timely manner to the Report and Recommendation may result in the entry of an Order denying the motion. *See* Fed. R. Civ. P. 72(b). It may also preclude further review or appeal from such judgment. *See Wright v. Collins,* 766 F.2d 841, 845 (4th Cir. 1985) (noting the general rule that "a party who fails to object to a

2

magistrate's report is barred from appealing the judgment of a district court adopting the

magistrate's findings").

Let the Clerk send a copy of the Report and Recommendation to all counsel of record and

to the Honorable Henry E. Hudson.

And it is so ORDERED.

/s/

M. Hannah Lauck
United States Magistrate Judge

Richmond, Virginia
Date: /-//-/2