

FEB - 6 2012

CLERK, U.S. DISTRICT COURT
RICHMOND, VA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
## Richmond Division

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No. 3:07cr310–HEH |
| ) | |
| TORRY T. LEWIS, ) | |
| ) | |
| Petitioner. ) | |

### MEMORANDUM OPINION
### (Accepting Report and Recommendation
### and Denying 28 U.S.C. § 2255 Motion)

Torry T. Lewis filed this motion pursuant to 28 U.S.C. § 2255, demanding relief on the following grounds:

Claim 1: [Lewis] received constitutionally ineffective assistance because [his] attorney (a) operated under a conflict of interest, (b) failed to file an appeal after being instructed to do so, (c) misadvised [Lewis] of his potential sentence and induced his guilty plea, (d) failed to object to various sentencing factors, and (e) failed to file a motion to suppress the unconstitutional traffic stop.

Claim 2: One of [Lewis's] predicate offenses for his career offender enhancement is invalid.

*United States v. Lewis*, No. 3:07CR310–HEH, 2011 WL 5325660, at *1 (E.D. Va. Nov. 3, 2011). By Memorandum Opinion and Order entered November 3, 2011, the Court dismissed all of Lewis's claims, except Claim 1(b), and referred Claim 1(b) to the U.S. Magistrate Judge for an evidentiary hearing. *Id.* at *8.

On January 10, 2012, the parties appeared before the Magistrate Judge for the scheduled evidentiary hearing. At the hearing, Lewis made an oral motion to dismiss,

seeking to voluntarily withdraw the remaining claim in his § 2255 Motion. The Government made no objection to Lewis's oral motion. The Magistrate Judge questioned Lewis and Lewis's counsel and found that Lewis moved to dismiss the remaining claim after full consideration of the applicable facts and law and thorough consultation with his counsel, without duress or undue influence, and with the understanding that such dismissal would be with prejudice.

On January 11, 2012, the Magistrate Judge issued a Report and Recommendation ("R&R") recommending that the Court dismiss Claim 1(b). In the R&R, the Magistrate Judge advised Lewis that he had fourteen days in which to file specific written objections. More than fourteen days have elapsed since the entry of the January 11, 2012 R&R no objections have been filed. Accordingly, the R&R will be accepted and adopted. Claim 1(b) will be dismissed. The 28 U.S.C. § 2255 Motion will be denied and the action will be dismissed.

An appeal may not be taken from the final order in a § 2255 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(B). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). For the

reasons stated more fully in the R&R, no law or evidence suggests that Lewis is entitled to further consideration in this matter. A certificate of appealability is therefore denied.

An appropriate Order shall accompany this Memorandum Opinion.

                                           /s/
                                   HENRY E. HUDSON
                                   UNITED STATES DISTRICT JUDGE

Date: Feb. 6, 2012
Richmond, Virginia