| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No.: 3:07CR310–HEH |
| ) | Civil Action No.: 3:17-cv-579-HEH-RCY |
| TORRY T. LEWIS, ) | |
| ) | |
| Petitioner. ) | |

## MEMORANDUM OPINION
(Dismissing Motion as Successive § 2555 Motion)

On November 26, 2007, Torry T. Lewis pled guilty to conspiracy to distribute and possess with intent to distribute five kilograms or more of a mixture and substance containing a detectable amount of cocaine hydrochloride. (Plea Agreement 1, ECF No. 32.) The Court sentenced Lewis to 288 months of imprisonment. (J. 2, ECF No. 64.) By Memorandum Opinion and Order entered on February 6, 2012, the Court denied a 28 U.S.C. § 2255 motion filed by Lewis. (ECF Nos. 102, 103.)

On June 23, 2016, the Court received an Order from the United States Court of Appeals for the Fourth Circuit authorizing Lewis to file a second or successive § 2255 Motion in the District Court. (ECF No. 118.) Thereafter, Lewis, with counsel, filed his § 2255 Motion with this Court. On March 6, 2017, the Supreme Court held "that the advisory Guidelines are not subject to vagueness challenges under the Due Process Clause." *Beckles v. United States*, 137 S. Ct. 886, 890 (2017). In light of that decision, by Memorandum Order entered on May 2, 2017, the Court acknowledged Lewis's motion to withdraw the § 2255 motion and dismissed the action. (ECF No. 126.)

On June 26, 2017, the Court received from Lewis a submission entitled "MOTION TO RE-OPEN MOTION TO CORRECT SENTENCE UNDER 28 U.S.C. § 2255 . . . (or) TO AMEND 2255 IN LIGHT of MATHIS UNDER RULE 15(c)." ("Motion to Re-open and Amend," ECF Nos. 127, 128.)[1] Around the same time, Lewis also filed a request for authorization to file a second § 2255 with the Fourth Circuit. The Fourth Circuit denied that request. (ECF No. 131.) As explained below, Lewis's Motion to Re-Open and Amend must be treated as a successive, unauthorized 28 U.S.C. § 2255 motion.

The Antiterrorism and Effective Death Penalty Act of 1996 restricted the jurisdiction of the district courts to hear second or successive applications for federal habeas corpus relief by prisoners attacking the validity of their convictions and sentences by establishing a "gatekeeping mechanism." *Felker v. Turpin*, 518 U.S. 651, 657 (1996) (citing 28 U.S.C. § 2244(b)(3)) (internal quotation marks omitted). Specifically, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

The Fourth Circuit has instructed that inmates may not avoid the bar on successive collateral attacks on their convictions and sentences by inventive labeling. *See United States v. Winestock*, 340 F.3d 200, 206 (4th Cir. 2003). A motion pursuant to 28 U.S.C. § 2255 "provides the primary means of collateral attack on a federal sentence." *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000) (quoting *Cox v. Warden, Fed. Det. Ctr.*, 911

---

[1] Because Lewis asked to re-open his case and to amend, the Clerk docketed the submission as two different motions. For the purposes of this Memorandum Opinion, the Court treats them as one motion.

2

F.2d 1111, 1113 (5th Cir. 1990)). Lewis cannot avoid that result by styling his present motion as a Motion to Re-Open and Amend. *See Melton v. United States*, 359 F.3d 855, 857 (7th Cir. 2004); *Winestock*, 340 F.3d at 207. "Call it a motion for a new trial, arrest of judgment, mandamus, prohibition, coram nobis, coram vobis, audita querela, certiorari, capias, habeas corpus, ejectment, quare impedit . . . or an application for a Get-Out-of-Jail-Card; the name makes no difference. It is substance that controls." *Melton*, 359 F.3d at 857 (citing *Thurman v. Gramley*, 97 F.3d 185, 186–87 (7th Cir. 1996)). "Any motion filed in the district court that imposed the sentence, and substantively within the scope of § 2255[(a)], is a motion under § 2255, no matter what title the prisoner plasters on the cover." *Id.* (citing *Ramunno v. United States*, 264 F.3d 723 (7th Cir. 2001)).

Lewis's current motion challenging his sentence falls squarely within the ambit of 28 U.S.C. § 2255(a). Accordingly, the clerk will be directed to assign a civil action number to the successive, unauthorized § 2255 motion (ECF Nos. 127, 128). The action will be dismissed for want of jurisdiction.

An appeal may not be taken from the final order in a § 2255 proceeding unless a judge issues a certificate of appealability ("COA"). *See* 28 U.S.C. § 2253(c)(1)(B). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S.

3

473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)). Lewis has not satisfied this standard. Accordingly, a certificate of appealability will be denied.

An appropriate Order shall issue.

/s/
HENRY E. HUDSON
UNITED STATES DISTRICT

Date: **Aug. 18, 2017**
Richmond, Virginia

4